501 P.2d 1215

William J. COLMAN, Plaintiff and
Appellant,

v.

Duane C. ANDERSON, also more correctly
known as DeWayne C. Anderson, and El-
len R. Anderson, his wife, Defendants and
Respondents.

No. 12717.

Supreme Court of Utah.

Oct. 10, 1972.

Ned Warnock, of Critchlow, Watson & Warnock, Salt Lake City, for plaintiff-appellant.

Lowell V. Summerhays and James Mason, of Summerhays, Klingle & Cohne, Salt Lake City, for defendants-respondents.

TUCKETT, Justice:

This action was commenced by the plaintiff in the court below wherein the plaintiff is seeking to recover money loaned to the defendant Duane C. Anderson and for the conversion of a stock certificate owned by the plaintiff. From an adverse decision in the court below the plaintiff has appealed to this court.

█. During the latter part of the year 1967, Duane C. Anderson requested that the plaintiff make him a loan, to which the plaintiff agreed. The plaintiff loaned Anderson the sum of $1000, and a short time later made an additional loan in the sum of $1100 to Anderson. The loans were not evidenced by notes, but a quitclaim deed covering property in Box Elder County was executed by Anderson and his wife for the purpose of securing the loans. At a subsequent time Anderson informed the plaintiff that he had a loan with Miller Finance Company which was due or about to become due but that the Finance Company would not renew the loan unless Anderson could furnish additional collateral. At the request of Anderson, Colman loaned to Anderson 10,000 shares of stock of the Kennebec Mining Company. During the month of June 1968, Anderson negotiated a loan from G. L. Hackett & Company for the purpose of retiring his loan with Miller Finance Company and to secure additional funds. At the time the loan was completed on June 12, 1968, Anderson delivered to Hackett & Company an assignment of his right, title and interest in the shares of stock of Kennebec Mining Company. In addition to the assignment, Anderson also gave Hackett a power of attorney to secure title and possession of the shares of stock.

A short time after Hackett acquired the shares of stock the same were sold by Hackett for a sum which netted him about $19,000. After learning that Hackett had disposed of the shares of stock, Colman and Anderson joined as plaintiffs in an action against Hackett to recover the value of the stock. Before a trial was had in that suit, Hackett offered to settle the matter by paying over to Colman and Anderson the amount received from the sale of the shares. This offer was accepted by Colman and Anderson, and it would appear in the final settlement that Hackett deducted from the amount he had received the sum of $4277 paid to Miller Finance Company in payment of Anderson's obligation.

After a settlement was made in the Hackett case, Colman filed these proceedings against Anderson seeking to recover

the equivalent of the highest value of the stock reached on the market within a reasonable time after discovery of its sale by Hackett. The plaintiff claims that a reasonable time is the period from June 12, 1968, to the date of the settlement with Hackett on March 24, 1970. During that period the price of the stock on the market increased greatly and reached a price of approximately $7 per share.

Plaintiff having loaned the stock certificate to Anderson for the purpose of Anderson using it as collateral for a loan obtained from Hackett, was entitled to have this certificate returned to him. However, plaintiff learned of the sale of the stock by Hackett shortly after the sale was made and at that time he could have purchased an equivalent number of shares at a price far less than the $7 which the stock eventually sold for on the market.[1] It would seem that the fact that the plaintiff agreed to accept from Hackett the amount that he had received from the sale of the stock would be an indication that the parties, including the plaintiff, considered the value of the stock to be approximately $19,000 at the time of its conversion by Hackett.

It would not seem to us that Anderson was entitled to have his debt owing to Hackett paid out of the proceeds of the sale of stock loaned to him by Colman, and the record would support the conclusion that Anderson believed he was obligated to the plaintiff. We are of the opinion that the plaintiff is entitled to judgment in the sum of $4277, together with interest, and the matter is remanded to the court below to enter judgment in favor of the plaintiff in that sum.

■ One other matter requiring our attention and comment is the plaintiff's claim here that the court below erred in concluding that the quitclaim deed given by Anderson and his wife to secure the loans totaling $2100 was void. The findings of the court are to the effect that those loans had been paid in full and therefore the quitclaim deed given to secure the same would be without force and effect. This matter is remanded for the entry of the judgment in accordance with this opinion. Appellant is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT, and CROCKETT, JJ., concur.

---

1. Western Sec. Co. v. Silver King Cons. Min. Co., 57 Utah 88, 109, 110, 192 P. 664; Wilson v. Colorado Mining Co., 10 Cir., 227 F. 721; 31 A.L.R.3d 1322.